# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BBC CHARTERING CARRIERS GmbH & CO. KG, § § § *Plaintiff*, § § § CIVIL ACTION NO.: V. § § **ADMIRALTY** § FLUENCE ENERGY, LLC, § SCHENKER, INC., and § SCHENKER DEUTSCHLAND AG § Pursuant to Rule 9(h) of the § Federal Rules of Civil Procedure § *Defendants*. § § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT FOR DECLARATORY JUDGMENT**

BBC Chartering Carriers GmbH & Co. KG ("BBC") files this Complaint for Declaratory Judgment and respectfully represents as follows:

I.

BBC requests that this Court declare the rights, liabilities, and other legal relationships under contracts for the carriage of goods by sea and determine the rights arising under those contracts.

II.

The defendant, Fluence Energy, LLC ("Fluence"), is an entity that will be affected by this declaration. Upon information and belief, Fluence has an interest in the subject cargo.

III.

The defendant, Schenker, Inc. ("Schenker"), is an entity that will be affected by this declaration. Upon information and belief, Schenker has an interest in the subject cargo.

IV.

The defendant, Schenker Deutschland AG ("Schenker Deutschland"), is an entity that will be affected by this declaration. Upon information and belief, Schenker Deutschland has an interest in the subject cargo.

V.

BBC is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany, and which was and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, BBC is the charterer of the M/V BBC FINLAND (IMO No. 9593684).

VI.

Upon information and belief, Fluence is a domestic entity organized and existing under the laws of Delaware. Pertinent to this action, Fluence was the shipper under a contract of affreightment evidenced by BBC Bills of Lading Numbers BBHY1312001HS01, BBHY1312001HS02, BBHY1312001HS03, BBHY1312001HS04 (the "Bills of Lading"), under which certain goods were to be shipped from Hai Phong, Vietnam, to San Diego, California.

VII.

Upon information and belief, Schenker is a domestic entity organized and existing under the laws of Texas. Pertinent to this action, Schenker was the consignee identified on the faces of the Bills of Lading.

VIII.

Upon information and belief, Schenker Deutschland is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices located in Germany. Pertinent

to this action, Schenker Deutschland was the merchant under a contract of affreightment evidenced by a BBC Booking Note dated March 1, 2021 (the "Booking Note").

IX.

The BBC FINLAND is an ocean-going vessel engaged in the common carriage of goods by sea for hire and was nominated to carry specific cargo at the center of this dispute pursuant to the contract evidenced by the Bills of Lading.

X.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, in particular, the Carriage of Goods by Sea Act, Pub. L. No. 521, 49 Stat. 1207 (1936), *reprinted in* 46 U.S.C. §30701 note 1 ("COGSA"), which BBC asserts is applicable to the contract for carriage both under its terms and by operation of law. This Court also has jurisdiction over this action under 28 U.S.C. §1333, as this is a claim that arises under this Court's admiralty and maritime jurisdiction.

XI.

On or about April 15, 2021, as provided by the Bills of Lading, a number of containers "said to contain" a cargo consisting of a total of 1,213 "packages" (collectively, the "Cargo") were loaded aboard the BBC FINLAND in Hai Phong, Vietnam.

XII.

Following departure, the BBC FINLAND encountered adverse weather and/or fire, allegedly causing damage to a portion of the Cargo.

XIII.

The terms and conditions of the Bills of Lading and Booking Note provide as follows:

3. Liability under the Contract

(a) Unless otherwise provided herein, the Hague Rules contained in the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment shall apply to this Contract. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply. In respect of shipments to which there are no such enactments compulsorily applicable, the terms of Articles I-VIII inclusive of said Convention shall apply. In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on 23rd February 1968 ("The Hague-Visby Rules") apply compulsorily, the provisions of the respective legislation shall be considered incorporated in this Bill of Lading. Where the Hague Rules or part of them or the Hague-Visby Rules apply to carriage under the Contract, the applicable rules, or part of them, shall likewise apply to the period before loading and after discharge where the Carrier (or his agent) have custody or control of cargo. Unless otherwise provided herein, the Carrier shall in no case be responsible for loss of or damage to deck cargo and/or live animals.

\*\*\*

(c) The aggregate liability of the Carrier and/or any of his servants, agents or independent contractors under this Contract shall, in no circumstances, exceed the limits of liability for the total loss of the cargo under sub-clause 3(a) or, if applicable, special clauses.

XIV.

The terms and conditions of the Bills of Lading provide as follows:

Special Clauses

B.  U.S. Trade Period of Responsibility

(i)   In case the Contract of carriage evidenced by this Bill of Lading is subject to the U.S. Carriage of Goods by Sea Act of the United States of America 1936 (U.S. COGSA), then the provisions stated in said Act shall govern before loading, and after discharge and throughout the entire time the cargo is in the Carrier's custody and in which event freight shall be payable on the cargo coming into the Carrier's custody.  For US trades, the terms on file with

the U.S. Federal Maritime Commission shall apply to such shipments.

(ii) If the U.S. COGSA applies, and unless the nature and value of the cargo has been declared by the shipper before the cargo has been handed over to the Carrier and inserted in this Bill of Lading, the Carrier shall in no event be or become liable for any loss or damage to the cargo in any amount exceeding USD500 per package or customary freight unit. If despite the provisions of subclause 3(a), the Carrier is found to be liable for deck cargo, then all limitations and defenses available under U.S. COGSA (or other applicable regime) shall apply.

(iii) For purposes of calculating the Carrier's liability under subsection (ii), the number of pieces or units listed in the box on the face of this Bill of Lading headed "Number and kind of packages; description of cargo" shall conclusively establish the number of packages. If the cargo being carried is not a package, then unless expressly stated otherwise, freight is calculated on the number of such unpackaged vehicles or other physical pieces of unpackaged cargo, including articles or things of any description whatsoever except goods shipped in bulk, and each such piece of unpackaged cargo shall conclusively be deemed one customary freight unit.

(iv) Whenever the U.S. COGSA applies, whether by virtue of carriage of cargo to or from the U.S. or otherwise, any dispute arising out of or in connection with the Contract evidenced by this Bill of Lading shall be exclusively determined by the United States District Court for the Southern District of Texas, and in accordance with the laws of the United States. Merchant further agrees to submit to the jurisdiction of the Southern District of Texas and to waive any and all objections to venue.

XV.

Although BBC provided Fluence, Schenker, and Schenker Deutschland with the fair opportunity to declare the Cargo's value on the face of the Bills of Lading and Booking Note, the defendants did not declare a value for the Cargo on any of the four Bills of Lading or the Booking Note.

XVI.

To the extent Fluence, Schenker, and/or Schenker Deutschland will allege liability on the part of BBC for the alleged damage to the Cargo, BBC, Fluence, Schenker, and Schenker Deutschland are entities interested under the contract for carriage evidenced by the Bills of Lading within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

XVII.

As an ocean carrier under COGSA, BBC is not liable for any loss to cargo resulting from excepted causes. Here, any damage to the Cargo shipped pursuant to the Bills of Lading was exclusively caused by one or more excepted cause. BBC is therefore not liable for any loss or damage to the Cargo.

XVIII.

Any alleged liability on the part of BBC is expressly denied. Even assuming, however, that BBC is responsible for any damage or loss of the Cargo, such damage or loss is subject to the COGSA's liability limitations because BBC is an ocean carrier under COGSA. These limitations to which BBC is entitled to include, but are not limited to, the $500.00 per package or customary freight unit limitation.

XIX.

Although any alleged liability on the part of BBC is again expressly denied, any such liability potentially arising out of the factual circumstances described above is subject to the limitation provided in the applicable terms of the Booking Note and the Bills of Lading, including, but not limited to, Clause 3(c) of the Booking Note, as set forth above.

**WHEREFORE**, the complainant, BBC Chartering Carriers GmbH & Co. KG, prays that the defendants be cited and served and that after all legal delays and proceedings, this Court declares that:

1. The exceptions provided by COGSA are a complete liability shield preventing any recovery by the defendant from BBC for the alleged damage and/or loss to the Cargo.

2. In the alternative, the limitation of liability provisions in COGSA apply to the contract of carriage, thus limiting any potential recovery by the defendants from BBC to $500.00 per package for the alleged damage and/or loss to the Cargo.

3. In the further alternative, the limitation of liability provisions in COGSA apply to the contract of carriage, thus limiting any potential recovery by the defendants from BBC to $500.00 per customary freight unit for the alleged damage and/or loss to the Cargo.

4. In the subsequent alternative, that BBC is entitled to the benefits of the Limitation of Liability Act, 46 U.S.C. § 30701, *et seq.*, as the alleged damage and/or loss to the Cargo, if any, occurred without BBC's privity or knowledge.

5. In the additional alternative, that BBC is entitled to exoneration from and/or limitation of all potential liability that may arise out of the factual circumstances described above in accordance with the applicable terms of the Booking Note and the Bills of Lading.

6. Additionally, that the U.S. District Court for the Southern District of Texas is the proper and exclusive venue in which any claim arising out of the contract of carriage evidenced by the Bills of Lading referenced herein for the intended shipment of Cargo from Hai Phong, Vietnam, to San Diego, California.

7. BBC further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

*/s/ Jason P. Waguespack*
Jason P. Waguespack, T.A.
  Federal I.D. No. 268357
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
One Shell Square, 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456

OF COUNSEL:

Andrew V. Waters (LA #37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456

ATTORNEYS FOR PLAINTIFF
*BBC Chartering Carriers GmbH & Co. KG*